## DESHA COUNTY V. JONES.

1. COUNTIES: *Claims against counties: Itemizing account.*
   On a claim against a county it is error to allow charges which are not itemized and show no liability on the county. (Mansf. Dig., sec. 1413.)

2. SAME: *Same:*
   Where an officer's account for fees, presented for allowance against the county is itemized obscurely in an abbreviated form, so that it is not sufficiently intelligible to show that the services charged for were of the character for which fees are allowed by law and that the county is liable, the claim should be rejected unless the defect is supplied by evidence.

3. SAME: *Same: Statute of limitations:*
   Where the claim of a county clerk against the county, for expenses incurred in his office in 1881, 1882 and 1883, was not presented to the county court for allowance until July 1887, it was barred by the statute of limitations.

APPEAL from *Desha* Circuit Court.

J. A. WILLIAMS, Judge.

At the July term of the Desha county court, the appellee Jones, presented for allowance two claims against that county. The first of these claims was upon an account stated in the following form:

CIRCUIT COURT ACCT.

Desha county in account with J. P. Jones, late clerk, for fees due at the Watson district, Feby. and August terms, 1886.

To opg order 20, adjg order 20, Law 2 indexes.............. 60

\*   \*   \*   \*   \*   \*   \*   \*   \*

To filing 2 grand jury lists 20, Ent. 7 orders etc., grand

jurors, 1.40.................................................1 60

Following these, are items in a similar abbreviated form, covering several pages and amounting in all to the sum of $378.80. A number of them are placed under the title of criminal cases written above them, thus:

"State vs. Joe Stroud—Grand Larceny.".

The second claim was styled, "Expense Account," and like the first, purports to be stated between the county and the appellee as clerk. It is for stationery, etc., charged in numerous items, beginning with the date, "Mch 1st, 1881," and extending to 1886. The charges after 1884 are as follows:

Jany. 1885, To stamps, paper.............. ........ ...... .. ................ 25
Feby.   "   " Ink "   " .................................... ......... .2.10
Mch.   "   " " "   " ............... ....... .............. .............. 1.60
Apl.   "   " " "   " pens ......... ... ................ ......... ..1.85

                                         5.80

1886 ..................... ... ........... ............... ........ . .................... .............. 5.10

Both accounts were verified by affidavit as the law requires.

Desha County v. Jones.

On the first account the county court allowed the sum of $362.15 and on the second the sum of $17.00. H. Thane, a tax-payer of the county, appealed from the order of allowance and on a trial in the circuit court, objected to the introduction of both accounts, and set up the statute of limitations as a bar to the second. His plea and objection were both overruled and the court allowed on the first account, $346.30, and on the second, $63.50, and gave judgment accordingly. Thane was refused a new trial and appealed. Section 1413 of Mansfield's Digest, provides that, "in all cases the county court shall require an itemized account of any claim presented to them for allowance." * * *. And by section 1414 the court is "prohibited from auditing and allowing to any officer any fee or allowance not specifically allowed such officer by law." * * *

*David A. Gates* and *Jas. Murphy*, for appellant.

The claim for $378.80 is wholly unintelligible, made up of *abbreviations* or senseless words. See sec. 3292, Mansfield's Digest. There is no proper showing that the county is liable for the items charged for. 32 Ark., 50–55. There was no evidence to show that the fees charged in State cases had been adjusted by the circuit court. Sec. 2345, Mansf. Dig., 32 Ark., 55.

2. The claims for the years 1881–2–4 were barred by limitation. Mansf. Dig., sec. 4478; 27 Ark., 343. The claim for 1884 was paid. The charges for 1885–6, are not itemized.

*X. J. Pindall*, for appellant.

1. The claim was a continuous, running account for several years and was not barred by limitation.

2. All the objections made by Thane to the items of the

account were sustained. All the others are for fees allowed by law. The claims were sworn to, and not being denied under oath, the court properly rendered judgment. Mansf. Dig., sec. 2915.

There is no evidence that Jones did not keep the record required by sec. 3292, Mansf. Dig. Thane and the court both knew what the abbreviations meant, and there was no ground to exclude the accounts.

Thane should have moved to make the account more definite, but having failed to do so, he cannot object in this court for the first time.

PER CURIAM.

The appellee can recover only in pursuance of the express provisions of the law. *Craighead County v. Cross County*, 50 Ark., 431; *Fanning v. State*, 47 Ib., 442. The first itemized account upon which judgment was rendered is not sufficiently intelligible to show that the services charged for were of that character. No evidence was offered to supply the defect.

The plea of limitation is valid against the claim for expenses preferred by the second account even if it was sufficiently proved. The items in that account for 1881, 1882 and 1883 are barred by limitation. The items for 1884 were paid. The charges after that time are not itemized and show no liability on the county.

The judgment is reversed and the cause remanded.